■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JACKSON, Appellant. [699 NYS2d 40] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered April 25, 1997, convicting defendant, upon his plea of guilty, of auto stripping in the second degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, and order, same court (George Daniels, J.), entered on or about April 25, 1997, which denied defendant's motion made pursuant to CPL 440.10 to vacate a judgment of the Supreme Court, New York County (Richard Andrias, J.), rendered July 13, 1994, convicting defendant, upon his plea of guilty, of auto stripping in the first degree, and sentencing him to a term of 4 months, unanimously affirmed.

Defendant's motion to vacate his 1994 conviction was properly denied on the basis of CPL 440.10 (2) (c). A CPL 440.10 motion may not be used as a device to take a belated appeal on an issue that appears on the face of the record (*People v Cooks*, 67 NY2d 100).

We find no basis upon which to disturb defendant's 1997 conviction. The alleged error in the 1994 conviction concerning the proper degree of auto stripping did not create a jurisdictional defect (*see, People v Taylor*, 65 NY2d 1) with respect to the 1997 conviction. We note that the 1997 indictment for auto stripping in the second degree (Penal Law § 165.10 [1]) required a prior auto stripping conviction within five years, irrespective of whether the prior auto stripping was a felony or misdemeanor, and that the 1994 conviction satisfied that

requirement. We have considered and rejected defendant's remaining claims. Concur—Sullivan, J. P., Tom, Rubin and Buckley, JJ.