In the Matter of STATE OF NEW YORK, Appellant, v MUSTAFA RASHID, Respondent. [892 NYS2d 76]—

Respondent was not subject to civil management pursuant to Mental Hygiene Law article 10 where he had served his sentence for a 1988 rape and sodomy and was on parole for a nonsexual offense and, in September 2008, the Division of Parole gave notice identifying him as a possible "detained sex offender" nearing release from custody. The different consequences of a Sexual Offender Registration Act determination and the possibility of involuntary civil commitment under Mental Hygiene Law article

10 (*compare People v Knox*, 12 NY3d 60 [2009], *with Mental Hygiene Legal Serv. v Spitzer*, 2007 WL 4115936, 2007 US Dist LEXIS 85163 [SD NY 2007], *affd* 2009 WL 579445, 2009 US App LEXIS 4942 [2d Cir 2009]), as well as the specific definition in the latter regarding which sentences other than those for sex offenses may be considered in determining an offender's eligibility for civil management (*see generally People v Finley*, 10 NY3d 647, 655 [2008]), render Penal Law § 70.30 inapplicable for the purpose of merging the sentence for the rape into respondent's subsequent sentence for the nonsexual offense (*cf. People v Buss*, 11 NY3d 553 [2008]). Contrary to the State's contention, Penal Law § 70.30 and Mental Hygiene Law article 10 are not so related that they must be harmonized (*cf. Rector, Church Wardens & Vestrymen of St. Bartholomew's Church v Committee to Preserve St. Bartholomew's Church*, 84 AD2d 309, 313 [1982], *appeal dismissed* 56 NY2d 645 [1982]).

We have considered the State's remaining contentions and find them unavailing. Concur—Tom, J.P., Buckley, Catterson, Freedman and Abdus-Salaam, JJ.