■ In the Matter of STATE OF NEW YORK, Respondent, v ANONYMOUS et al., Appellant. [920 NYS2d 195]—

The State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA), for the civil management of Anonymous (hereinafter the appellant), an alleged sex offender allegedly suffering from a mental abnormality and requiring civil management. After certain other procedural steps, not at issue on this appeal, the Supreme Court conducted a jury trial, and a unanimous jury found that the appellant suffers from a "mental abnormality," as that phrase is defined in SOMTA (*see* Mental Hygiene Law § 10.07 [c], [d]; *see also* Mental Hygiene Law § 10.03 [g], [i]).

Thereafter, the Supreme Court conducted a dispositional hearing, after which it found that the mental abnormality from which the appellant suffers involves such a strong predisposition to commit sex offenses, and such an inability to control behavior, that he is likely to be a danger to others and to commit sex offenses if he is not confined to a secure treatment facility (*see* Mental Hygiene Law § 10.07 [f]). Based on that finding, the Supreme Court made the mandatory dispositional determination that the appellant is a dangerous sex offender requiring confinement, granted the petition, and directed that he be committed to a secure treatment facility for care and treatment (*see* Mental Hygiene Law § 10.07 [f]).

Contrary to the appellant's contention, the Supreme Court did not err in denying his challenge, for cause, to a prospective juror (*see* CPL 270.20 [1] [b]; Mental Hygiene Law § 10.07 [b]; *People v Harris*, 247 AD2d 630, 631-632 [1998]; *People v Davis*, 221 AD2d 653 [1995]; *cf. People v Rose*, 73 AD3d 1091, 1092 [2010]; *People v Light*, 260 AD2d 404, 405-406 [1999]; *People v Grant*, 297 AD2d 687, 688 [2002]).

To the extent that any of an Assistant Attorney General's remarks during opening statements and summation were improper, they were not so egregious as to permeate the trial and create a climate of hostility that effectively deprived the appellant of a fair trial (*see Bianco v Flushing Hosp. Med. Ctr.*, 79 AD3d 777 [2010]; *Matter of State of New York v Andrew O.*, 68 AD3d 1161, 1166 [2009], *lv granted* 14 NY3d 706 [2010]; *Alston v Sunharbor Manor, LLC*, 48 AD3d 600, 602 [2008]; *Roseingrave v Massapequa Gen. Hosp.*, 298 AD2d 377 [2002]).

The Supreme Court did not err in allowing two of the psychiatric experts who examined the appellant to testify to details of the appellant's sex offense history, since the purpose of the testimony was to explain the basis for the experts' opinions (*see* Mental Hygiene Law § 10.08 [b]; *Matter of State of New York v Wilkes*, 77 AD3d 1451, 1451-1453 [2010]; *Matter of State of New York v Andrew O.*, 68 AD3d at 1167; *People v Wlasiuk*, 32 AD3d 674, 680 [2006]; *People v Campbell*, 197 AD2d 930, 932 [1993]). Moreover, much of the information upon which the challenged experts based their testimony was deduced from business records (*see State of New York v Dove*, 18 Misc 3d 254 [2007]; Mental Hygiene Law § 10.08 [b]), the appellant pleaded guilty to the sex offenses, and the appellant relayed the details of the sex offenses to those experts when they examined him, thereby establishing the reliability of the information (*see Matter of State of New York v Wilkes*, 77 AD3d at 1453; *Matter of State of New York v Andrew O.*, 68 AD3d at 1167).

The evidence upon which the jury made its determination was legally sufficient to support the verdict since there was a valid line of reasoning by which the jury could conclude that the appellant suffered from a mental abnormality based on the evidence presented at trial (*see Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1126 [2009]). Moreover, the jury's verdict that the appellant suffered from a mental abnormality was supported by a fair interpretation of the evidence and, thus, was not contrary to the weight of the evidence (*see* Mental Hygiene Law § 10.03 [i]; § 10.07 [a]; *Matter of State of New York v Derrick B.*, 68 AD3d at 1126).

The admission of testimony of two of the appellant's victims

during the dispositional hearing was not prejudicial since there is a presumption that a court, as factfinder, will consider only competent evidence and is uniquely capable of distinguishing those issues properly before it from those which are not (*see People v Weinberg*, 75 AD3d 612 [2010]; *People v Kozlow*, 46 AD3d 913, 915-916 [2007]). The Supreme Court specifically stated in its memorandum decision that it "discounted" the victims' testimony since it was irrelevant to the issues to be determined at the dispositional hearing.

Contrary to the appellant's further contention, clear and convincing evidence supports the Supreme Court's finding that the State established that the mental abnormality from which appellant suffers involves such a strong predisposition to commit sex offenses and such an inability to control behavior that he is likely to be a danger to others and to commit sex offenses if he is not confined to a secure treatment facility, and its concomitant determination that the appellant is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v Steven L.*, 66 AD3d 788, 789-790 [2009]; *see generally Matter of Stavisky v Koo*, 54 AD3d 432, 433-434 [2008]). Covello, J.P., Hall, Lott and Cohen, JJ., concur.