■ In the Matter of STATE OF NEW YORK, Respondent, v JOHN P., Appellant. [925 NYS2d 893]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of John P., an alleged sex offender allegedly suffering from a mental abnormality and requiring civil management, John P. appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Cohen, J.), entered March 16, 2010, which, upon a finding, made after a nonjury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he currently is a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time he no longer requires confinement.

Ordered that the order and judgment is affirmed, without costs or disbursements.

John P. was a convicted recidivist sex offender. On November 19, 2008, prior to his scheduled release from prison, the State commenced a proceeding pursuant to Mental Hygiene Law article 10 (hereinafter an article 10 proceeding), alleging that he suffered from a mental abnormality requiring civil commitment.

At a nonjury trial, John P.'s counsel sought to preclude testimony or evidence from Dr. Paul Etu, a licensed psychologist, on the ground that the examination was conducted in violation of John P.'s right to counsel. Dr. Etu had examined John P. on November 4, 2008, at the request of a case review team, to determine if he was suffering from a mental abnormality, and prior to the team's recommendation to the Attorney General that he commence an article 10 proceeding seeking to place John P. under civil management. The Supreme Court permitted the testimony of Dr. Etu, and found that John P. suffered from mental abnormalities requiring civil management. John P. now appeals.

The Supreme Court properly denied John P.'s request to preclude the testimony and evidence. In an article 10 proceeding, once a person is identified as a possible dangerous sex offender requiring confinement, he or she is referred to a case review team for evaluation (*see* Mental Hygiene Law § 10.05 [d]). The case review team may refer a person for a psychiatric evaluation to assist it in determining whether he or she requires civil management (*see* Mental Hygiene Law § 10.05 [e]). After such an examination, the case review team determines whether the person is in need of civil management (*see* Mental Hygiene Law § 10.05 [e]).

Mental Hygiene Law § 10.08 (g) provides, in relevant part, that "the respondent shall not be entitled to appointment of counsel prior to the time provided in section 10.06 of this article." Further, Mental Hygiene Law § 10.06 (c) provides for such appointment "[p]romptly upon the filing of a sex offender civil management petition, or upon a request to the court by the attorney general for an order pursuant to subdivision (d) of this section."

John P.'s right to counsel did not attach until this article 10 judicial proceeding was commenced against him. Since the evaluation was conducted prior to the commencement of the article 10 proceeding, John P. was not entitled to have counsel present (*see Matter of State of New York v Pierce*, 79 AD3d 1779 [2010], *lv denied* 16 NY3d 712 [2011]; *Matter of State of New York v Davis*, 17 Misc 3d 433 [2007]). Accordingly, we affirm the order and judgment. Dillon, J.P., Covello, Chambers and Roman, JJ., concur.