■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO LEBRON, Appellant. [929 NYS2d 877]—

The defendant's contention that the Supreme Court erred in admitting into evidence testimony from the People's expert witness regarding the probability of a coincidental match of a partial DNA profile obtained from the victim's fingernails with a DNA profile in the local population is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Peele*, 73 AD3d 1219,

1221 [2010]) and, in any event, is without merit. Where, as here, population studies are presented to estimate the probability of a coincidental DNA match, a defendant's challenges to the population studies "go not to admissibility, but to the weight of the evidence, which should be left to the trier of fact" (*People v Wesley*, 83 NY2d 417, 427 [1994]; *see People v Parker*, 304 AD2d 146, 159 [2003]; *People v Knight*, 280 AD2d 937, 938 [2001]; *People v Hall*, 266 AD2d 160, 161 [1999]; *People v Vega*, 225 AD2d 890, 893 [1996]).

The defendant's claim that he was deprived of the effective assistance of counsel under both the federal and the state constitutions is without merit. The defendant failed to " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]). Viewing the record as a whole, we conclude that counsel provided effective representation (*see Strickland v Washington*, 466 US 668, 694 [1984]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]; *People v Monsuri*, 83 AD3d 870 [2011], *lv denied* 17 NY3d 808 [2011]).

The defendant's remaining contention does not require reversal. Rivera, J.P., Florio, Leventhal and Roman, JJ., concur.