■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUL RAUF, Appellant. [934 NYS2d 28]—

Defendant's argument that the trial court abused its discretion in sua sponte rescinding its oral decision granting defendant's motion to withdraw his guilty plea is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject defendant's contention on the merits. A nisi prius court "has the inherent power, *sua sponte* or on motion of a party, to reconsider and vacate its prior decision before issuing an order thereon" (*Hulett v Niagara Mohawk Power Corp.*, 1 AD3d 999, 1003 [2003]; *see also American Re-Ins. Co. v SGB Universal Bldrs. Supply*, 160 AD2d 586 [1990]). Moreover, the court explained that, upon review of the transcripts, it found that issues relating to the plea withdrawal motion required a more developed record prior to determination. Our review of that record indicates that defendant's plea was entered knowingly, voluntarily, and intelligently (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]).

The record indicates that defendant's counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712-714 [1998]). In particular, the favorable nature of the plea bargain demonstrates that defendant received effective assistance (*see People v Ford*, 86 NY2d 397, 404 [1995]).

Defendant's argument that his trial counsel misadvised him as to the deportation consequences of a conviction (*see Padilla v*

*Kentucky,* 559 US —, 130 S Ct 1473 [2010]) is unavailing. Defendant never argued that he would not have pleaded guilty if he had been properly advised. Accordingly, defendant has failed to make the showing of prejudice required to prevail on his claim of ineffective assistance of counsel (*see Padilla,* 559 US at —, 130 S Ct at 1483; *People v McDonald,* 1 NY3d 109, 115 [2003]). Concur—Tom, J.P., Andrias, Catterson, Abdus-Salaam and Román, JJ.