# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**38**

**CA 11-01430**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

                          V                          MEMORANDUM AND ORDER

NUSHAWN WILLIAMS, ALSO KNOWN AS
SHYTEEK JOHNSON, RESPONDENT-APPELLANT.
(APPEAL NO. 2.)

---

DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL),
FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MICHAEL J. CONNOLLY OF
COUNSEL), FOR PETITIONER-RESPONDENT.

-------------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Chautauqua County
(John L. Michalski, A.J.), entered May 6, 2011 in a proceeding
pursuant to Mental Hygiene Law article 10. The order, among other
things, denied the motion of respondent to dismiss the proceeding.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent appeals from an order granting his motion
for, inter alia, leave to reargue his prior motion to dismiss the
petition in this Mental Hygiene Law article 10 proceeding and, upon
reargument, adhering to the original decision denying the motion to
dismiss. Respondent was convicted upon his plea of guilty of reckless
endangerment in the first degree (Penal Law § 120.25) in Supreme
Court, Bronx County, and, eight days later, he was convicted upon his
plea of guilty of two counts of rape in the second degree (former §
130.30) and one count of reckless endangerment in the first degree (§
120.25) in Chautauqua County Court. Respondent was sentenced to
concurrent indeterminate terms of imprisonment of 2 to 6 years on the
rape convictions and an indeterminate term of imprisonment of 2 to 6
years on the reckless endangerment conviction in Chautauqua County, to
run consecutively to the sentences for rape. He was also sentenced to
an indeterminate term of imprisonment of 2 to 6 years on the reckless
endangerment conviction in Bronx County, to run concurrently with all
Chautauqua County sentences. The convictions arose from a series of
acts in which respondent had unprotected sex with multiple female
victims without disclosing that he was HIV-positive.

Petitioner commenced this proceeding pursuant to Mental Hygiene
Law § 10.06 (a) approximately four days before respondent's maximum

release date and while he was still in the custody of the Department of Correctional Services (DOCS), alleging that respondent was a detained sex offender requiring civil management (*see* § 10.03 [g]). Respondent moved to dismiss the petition on the ground that he did not qualify as a "detained sex offender" pursuant to article 10.  In support of the motion, respondent contended that the sentence for reckless endangerment in Chautauqua County ran consecutively to the sentences for rape and, at the time the proceeding was commenced, respondent was serving only the sentence for reckless endangerment, which is not a covered offense pursuant to article 10.  Petitioner opposed the motion, contending that respondent was serving a sentence for a "related offense" pursuant to section 10.03 (g) (1) when it commenced the proceeding and that respondent was still in the custody of DOCS on the sex offenses at that time because the sentences for rape and reckless endangerment had merged pursuant to Penal Law § 70.30 (1) (b).  Supreme Court, Chautauqua County, denied the motion.

Respondent thereafter moved for reconsideration of the motion to dismiss on the ground that the court was required to follow the decision of the First Department in *Matter of State of New York v Rashid* (68 AD3d 615, *affd* 16 NY3d 1).  In that case, the Court concluded that the respondent was not subject to civil management pursuant to Mental Hygiene Law article 10 because he had served his sentence for the sex offenses in question and was on parole for a nonsexual offense at the time the proceeding was commenced (*id.*). Before the Court of Appeals rendered its decision in the appeal from the First Department's decision in *Rashid*, Supreme Court adhered to its decision denying the motion to dismiss on the ground that *Rashid* was distinguishable and thus that it was not bound by that decision.

Following assignment of new counsel and after the Court of Appeals affirmed the decision of the First Department in *Rashid*, respondent moved for, inter alia, leave to reargue the motion to dismiss.  The court implicitly granted reargument and, upon reargument, adhered to its original decision.  The court determined that respondent was a " '[d]etained sex offender' " (Mental Hygiene Law § 10.03 [g]), inasmuch as he was convicted of sex offenses pursuant to article 10 and was currently serving a sentence for such offenses "or for a related offense" (§ 10.03 [g] [1]).  We conclude that the court properly determined that respondent fell within the third category of related offenses, i.e., those "which are the bases of the orders of commitment received by [DOCS] in connection with an inmate's current term of incarceration" (§ 10.03 [l]).  Unlike the situation in *Rashid* (68 AD3d 615), here, petitioner was in the custody of DOCS pursuant to the order of commitment entered in Chautauqua County at the time the petition was filed.

Entered:  February 17, 2012                    Frances E. Cafarell
                                               Clerk of the Court