[982 NE2d 587, 958 NYS2d 667]

In the Matter of STATE OF NEW YORK, Respondent, v JOHN P., Appellant.

Argued November 13, 2012; decided December 11, 2012

**APPEARANCES OF COUNSEL**

*Lesley M. Delia, Mental Hygiene Legal Service*, Mineola (*Scott M. Wells* and *Dennis B. Feld* of counsel), for appellant.

*Eric T. Schneiderman, Attorney General*, New York City (*Matthew W. Grieco, Barbara D. Underwood* and *Cecelia C. Chang* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed, without costs.

In this proceeding under Mental Hygiene Law article 10 (the Sex Offender Management and Treatment Act), appellant was found to be a dangerous sex offender requiring confinement. The evidence offered by the State included the testimony of a psychologist who had examined appellant as part of a screening process to decide whether an article 10 petition should be filed. Such examinations are authorized by Mental Hygiene Law

§ 10.05 (e), which says that where a detained sex offender is referred to a "case review team" for evaluation, the case review team "may arrange for a psychiatric examination." The psychologist testified that, during the examination, appellant had admitted to having sexual contact with three children in addition to those mentioned in the records of appellant's sex crimes.

Appellant argues that his statement to the psychologist should not have been admitted into evidence. But it was obviously relevant, and no statute prohibits its use. Appellant offers no reason that would justify excluding it except his contention that, because he had no counsel at the psychologist's examination, the use of his statement violated his statutory and constitutional rights to counsel. We hold that these rights were not violated.

■ Appellant's statutory claim is barred by the plain text of article 10. Mental Hygiene Law § 10.06 (c) and (d) say that the court "shall appoint counsel" for a person against whom an article 10 proceeding is brought either "[p]romptly upon the filing of a sex offender civil management petition" or upon a request to the court by the Attorney General to order a psychiatric evaluation. Section 10.08 (g) specifically says "that the respondent shall not be entitled to appointment of counsel prior to the time provided in section 10.06." The psychiatric examination at issue here was held before the petition was filed, and before the case had been referred to the Attorney General; it was not a court-ordered examination, but part of the process required by statute to identify those cases in which article 10 proceedings should be brought. Appellant had no statutory right to counsel at the examination.

■ Appellant's constitutional claim is also lacking in merit. We need not decide here whether there exists a constitutional right to counsel in article 10 proceedings that is similar to, or coextensive with, the right to counsel in criminal cases, because even under the rules applicable to criminal cases appellant's rights were not violated.

Under the Federal Constitution, the right to counsel "attaches only at or after the time that adversary judicial proceedings have been initiated" (*Kirby v Illinois*, 406 US 682, 688 [1972]). Under the State Constitution,

> "attachment occurs when (1) a person in custody requests the assistance of an attorney or a lawyer

enters the case or (2) a criminal proceeding is commenced against the defendant by the filing of an accusatory instrument" (*People v Lopez*, 16 NY3d 375, 380 [2011]).

At the time of the examination at issue here, appellant's right had not attached under either the federal or the state test.

Appellant reads *People v Hawkins* (55 NY2d 474 [1982]), in which we rejected the argument that a right to counsel should exist at *lineups* held before the commencement of formal criminal proceedings, to imply that there might be a different rule for pre-commencement *interrogations*; we pointed out in *Hawkins* that the role of counsel at an interrogation is much more significant than at a lineup (*id.* at 485). But whatever inferences might be drawn from *Hawkins*, it cannot mean that either the Sixth Amendment to the Federal Constitution or its New York counterpart (NY Const, art I, § 6) forbids any questioning without counsel of anyone against whom a proceeding may later be brought. And short of such an unacceptably broad holding, we can see no rationale for concluding that counsel was required here.

The psychiatric examination of appellant not only preceded the commencement of a formal adversarial proceeding; it occurred before any decision to bring such a proceeding was made, and was part of a screening process. Appellant does not assert, and nothing in the record suggests, that the screening was a sham—a mere cover for an effort to gather evidence against him. Indeed, the State informs us that article 10 proceedings are brought only in a minority of the cases evaluated by case review teams. The examination was not ordered by a court, and appellant was not required to participate in it (*compare* Mental Hygiene Law § 10.06 [d] ["(T)he court shall order that the respondent submit to an evaluation by a psychiatric examiner chosen by the attorney general"] *with* § 10.05 [e] [omitting similar mandatory language]; *see Mental Hygiene Legal Serv. v Cuomo*, 785 F Supp 2d 205, 228 [SD NY 2011], *vacated on other grounds sub nom. Mental Hygiene Legal Servs. v Schneiderman*, 472 Fed Appx 45 [2d Cir 2012]; *Matter of State of New York v Doe*, 26 Misc 3d 962, 965-966 [Sup Ct, Franklin County 2009], *revd on other grounds sub nom. Matter of State of New York v Daniel OO.*, 88 AD3d 212 [3d Dept 2011]). This was not fundamentally an adversarial procedure, and was not one in which counsel was necessary to protect appellant against "the coercive power of the State and its agents" (*Hawkins*, 55 NY2d at 485 [internal quotation marks and citation omitted]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed, without costs, in a memorandum.