In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Joseph McD., a sex offender allegedly requiring civil management, Joseph McD. appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated July 12, 2011, which, upon a finding, made upon his stipulation, that he is a detained sex offender who suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he is currently a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed, inter alia, that he be committed to a secure treatment facility for care and treatment until such time as he no longer requires confinement.
Ordered that the order is affirmed, without costs or disbursements.
The Supreme Court did not err in determining that the State established by clear and convincing evidence, at a dispositional hearing, that the abnormality from which the appellant suffers involves such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the appellant is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility (see Mental Hygiene Law § 10.07 [f]; Matter of State of New York v Anonymous, 82 AD3d 1250, 1252 [2011]). Accordingly, upon that determination, the Supreme Court did not err in determining that the appellant is a dangerous sex offender requiring confinement (see Mental Hygiene Law §§ 10.03 [e]; 10.07 [f]; Matter of State of New York v Robert F., 101 AD3d 1133, 1137 [2012]; Matter of State of New York v R.W., 99 AD3d 1010, 1011 [2012]; Matter of State of New York v Alfredo M., 96 AD3d 1068, 1069 [2012]; Matter of State of New York v Jemal M., 91 AD3d 961, 962 [2012]; Matter of State of New York v Andrew J.W., 85 AD3d 805, 807 [2011]; Matter of State of New York v Anonymous, 82 AD3d at 1252). Further, there is no merit to the appellant’s contention that his commitment violated his constitutional right to due process (see Kansas *726 v Crane, 534 US 407 [2002]; Kansas v Hendricks, 521 US 346 [1997]; Matter of State of New York v Enrique T., 93 AD3d 158, 166-170 [2012]).
Assuming that the subject of a Mental Hygiene Law article 10 proceeding has a constitutional right to the effective assistance of counsel, there was no deprivation of that right shown in this case (see Matter of State of New York v John P., 20 NY3d 941, 943-944 [2012]; Matter of State of New York v Treat, 100 AD3d 1513 [2012]; Matter of State of New York v Carter, 100 AD3d 1438 [2012]; see generally Strickland v Washington, 466 US 668, 688, 694 [1984]; People v Baldi, 54 NY2d 137, 147 [1981]; People v Lebron, 87 AD3d 1162, 1163 [2011]; People v Monsuri, 83 AD3d 870 [2011]).
The appellant’s remaining contention is unpreserved for appellate review. Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.