■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUL RAUF, Appellant. [974 NYS2d 458]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.),

entered on or about September 25, 2012, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction of the same court (Phylis Skloot Bamberger, J.), rendered January 15, 2004, unanimously affirmed.

The court properly denied the motion because it was based on claims that were either previously determined on the merits on the direct appeal from the judgment (*see* CPL 440.10 [2] [a]) or should have been raised on that appeal (*see* CPL 440.10 [2] [c]; *People v Jackson*, 266 AD2d 163 [1st Dept 1999], *lv denied* 94 NY2d 921 [2000]). In any event, defendant's claims of ineffective assistance by the attorneys who represented him, respectively, at his plea and at a postplea hearing are unavailing.

Under the particular circumstances of this case all of defendant's ineffective assistance claims were reviewable on direct appeal. These circumstances included the presence on the record of defendant's original counsel's advice on the immigration consequences of defendant's plea, and the record of an evidentiary hearing on defendant's plea withdrawal motion, at which defendant was represented by new counsel.

On the direct appeal (*People v Rauf*, 90 AD3d 422 [1st Dept 2011], *lv denied* 18 NY3d 927 [2012]), this Court found that defendant failed to establish that he was prejudiced by his first attorney's erroneous immigration advice. We did not suggest that this claim was unreviewable for lack of an expanded record.

Unlike the typical ineffectiveness claim where a CPL 440.10 motion is necessary to expand the record, here defendant has already had a hearing and is essentially seeking a second bite at the same apple. In the alternative, based on all the circumstances of the case, we conclude that the affidavit defendant submitted on the CPL 440.10 motion still does not establish that he would not have pleaded guilty but for the faulty immigration advice.

Defendant's claim that the attorneys who represented him on the plea withdrawal motion also rendered ineffective assistance is rejected on the merits. Concur—Tom, J.P., Mazzarelli, Freedman, Richter and Feinman, JJ.