In the Matter of STATE OF NEW YORK, Respondent, v HUMBERTO G., Appellant. [987 NYS2d 890]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Humberto G., an alleged sex offender requiring civil management, Humberto G. appeals from (1) a decision of the Supreme Court, Kings County (Ozzi, J.), dated September 28, 2012, made after a hearing, and (2) an order of the same court dated October 10, 2012, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he is currently a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the evidence at trial was legally sufficient to support the jury's finding that he suffered from a "mental abnormality" as defined in Mental Hygiene Law § 10.03 (i) (*see* Mental Hygiene Law § 10.07 [d]; *Matter of State of New York v Donald DD.*, 107 AD3d 1062, 1063-1064 [2013], *lv granted* 21 NY3d 866 [2013]; *Matter of State of New York v Kenneth T.*, 106 AD3d 829 [2013], *lv granted* 21 NY3d 863 [2013]; *Matter of State of New York v Robert F.*, 101 AD3d 1133, 1137 [2012]; *Matter of State of New York v Anonymous*, 82 AD3d 1250, 1251 [2011]; *Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1127 [2009]; *cf. Matter of State of New York v John S.*, 23 NY3d 326, 348-349 [majority], 354 [Smith, J., dissenting] [2014]). Moreover, inasmuch as the jury's finding was supported by a fair interpretation of the evidence, it was not contrary to the weight of the evidence (*see Matter of State of New York v Edison G.*, 107 AD3d 723, 724 [2013]; *Matter of State of New York v Nelson D.*, 105 AD3d 968, 968 [2013]).

In addition, the Supreme Court properly found, upon the clear and convincing evidence adduced at the dispositional hearing, that the appellant is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v Nelson D.*, 105 AD3d at 968; *Matter of State of New York v Edison G.*, 107 AD3d at 724-725).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.