■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO LEBRON, Appellant. [9 NYS3d 128]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Buchter, J.), dated April 15, 2013, which, upon a decision of the same court dated April 15, 2013, denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered January 12, 2009, convicting him of murder in the second degree

(two counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

By judgment rendered January 12, 2009, the defendant was convicted of murder in the second degree (two counts) and criminal possession of a weapon in the fourth degree. He appealed from the judgment, arguing, among other things, that he was denied the effective assistance of counsel. This Court affirmed the judgment (*see People v Lebron*, 87 AD3d 1162 [2011]). Thereafter, the defendant moved pro se pursuant to CPL 440.10 to vacate the judgment on the ground that he was denied the effective assistance of counsel. The Supreme Court denied the motion without a hearing.

CPL 440.10 "provides that a court 'must deny' a motion to vacate a judgment of conviction when the ground or issue raised 'was previously determined on the merits upon an appeal from the judgment' or there were sufficient facts on the record which would have permitted appellate review of the issue on direct appeal but no review occurred owing to the defendant's unjustifiable failure to perfect a direct appeal or raise the issue on direct appeal" (*People v Hamilton*, 115 AD3d 12, 20 [2014], quoting CPL 440.10; *see* CPL 440.10 [2] [a], [c]; *People v DiGuglielmo*, 75 AD3d 206, 211 [2010], *affd* 17 NY3d 771 [2011]).

The claims of ineffective assistance of counsel raised by the defendant in his motion pursuant to CPL 440.10 were either raised on his direct appeal from the judgment and determined on the merits, or could have been raised on his direct appeal from the judgment (*see People v Rauf*, 111 AD3d 492, 493 [2013]; *People v Cochrane*, 27 AD3d 659, 660 [2006]). The defendant offered no justification for failing to raise some of his present claims on his direct appeal from the judgment. To the extent that his motion alleged ineffective assistance of counsel based on a fact outside the record, the defendant failed to demonstrate that that fact, in and of itself, was material and, if established, would entitle him to relief (*see People v Trombley*, 91 AD3d 1197, 1203 [2012], citing *People v Satterfield*, 66 NY2d 796, 799 [1985]; *cf. People v Mosley*, 121 AD3d 1169, 1174 [2014]). Accordingly, the Supreme Court properly denied the motion without a hearing. Hall, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.