*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 29, 2015        519227
_____

In the Matter of STATE OF
   NEW YORK,
              Respondent,

     v                             OPINION AND ORDER

JAMES K.,
              Appellant.
_____


Calendar Date: September 18, 2015

Before: Garry, J.P., Rose, Lynch and Devine, JJ.

_____


    Sheila E. Shea, Mental Hygiene Legal Service, Albany
(Charles Metcalfe of counsel), for appellant.

    Eric T. Schneiderman, Attorney General, Albany (Jonathan D.
Hitsous of counsel), for respondent.

_____


Garry, J.P.

    Appeal from an order of the Supreme Court (Rumsey, J.),
entered March 31, 2014 in Tompkins County, which granted
petitioner's application, in a proceeding pursuant to Mental
Hygiene Law article 10, to find respondent to be a dangerous sex
offender and confined him to a secure treatment facility.

    In 1994, following a sexual assault on an eight-year-old
girl, respondent pleaded guilty to sexual abuse in the second
degree and was sentenced to probation. One month later, he
violated the terms of his probation by, among other things, being
in an apartment with a four-year-old girl, and he was
incarcerated for nine months. In 1996, he had forcible sexual
intercourse with a 10-year-old girl. He was convicted of rape in

the first degree and sentenced to a prison term of 12½ to 25 years.

As respondent's scheduled release date approached, a case review team of the Office of Mental Health was convened and Alfred Barnes, a licensed psychologist and psychiatric examiner, was assigned to evaluate whether respondent was a sex offender requiring civil management pursuant to Mental Hygiene Law article 10. Following an investigation, Barnes opined that civil management was required. The case review team concurred, and petitioner commenced this proceeding seeking a determination that respondent is a dangerous sex offender requiring civil commitment. Supreme Court ordered respondent to be committed to a secure treatment facility while the proceeding was pending (see Mental Hygiene Law § 10.06 [k]). Katrina Colistra was assigned as a psychiatric examiner for petitioner, and John Fabian was assigned for respondent. Both experts submitted reports opining that respondent suffers from a mental abnormality, and respondent elected to waive a trial on that issue and to proceed directly to a dispositional hearing to determine whether he is a dangerous sex offender requiring confinement or a sex offender requiring strict and intensive supervision and treatment (hereinafter SIST) (see Mental Hygiene Law § 10.07 [a], [f]). Supreme Court denied respondent's motion for an order precluding Barnes from testifying for petitioner or, in the alternative, appointing a second expert witness for respondent. Following a hearing in which Barnes and Colistra testified for petitioner and Fabian testified for respondent, the court found that petitioner had established by clear and convincing evidence that respondent was a dangerous sex offender requiring confinement and ordered him to be so confined. Respondent appeals.

We reject respondent's contention that Supreme Court erred in permitting Barnes to testify. The degree to which Mental Hygiene Law article 10 authorizes a psychiatric examiner who has evaluated a respondent pursuant to Mental Hygiene Law § 10.05 (e) to continue to participate in subsequent proceedings involving the same respondent appears to be a question of first impression. However, nothing in the statute affirmatively precludes such continued participation, and the Court of Appeals has held that

relevant evidence may be admissible in article 10 proceedings when "no statute prohibits its use" (Matter of State of New York v John P., 20 NY3d 941, 943 [2012]).  As for whether a psychiatric examiner may supplement his or her evaluation report by investigating records of the respondent's progress following completion of the report, and then rely on such updated information in testifying on the question of confinement, as Barnes did here, Mental Hygiene Law § 10.05 (e) provides the case management team and assigned psychiatric examiner with extensive access to relevant records as part of the initial evaluation.  To limit the psychiatric examiner's subsequent access to relevant information would be inconsistent with the statutory provisions that permit the parties to offer additional evidence on the question of a respondent's dangerousness at the dispositional hearing and further direct that, "[i]n making a finding of disposition, the court shall consider . . . all available information about the prospects for the respondent's possible re-entry into the community" (Mental Hygiene Law § 10.07 [f] [emphasis added]).

Contrary to respondent's argument, petitioner was not required to demonstrate that Barnes' testimony was "necessary." Instead, in the absence of any rule prohibiting such evidence, the test for admissibility is whether the testimony is material and relevant to the issues posed (see Matter of State of New York v Enrique D., 22 NY3d 941, 944 [2013]).  Here, Barnes possessed knowledge of respondent's pathology that was clearly material and relevant on the issue of whether he required confinement. Further, although Barnes and Colistra relied upon many of the same records and testing instruments, and each concluded that respondent required confinement, Barnes' testimony was not cumulative to that of Colistra.  Among other significant differences in the experts' procedures and conclusions, Barnes' conclusions were based, in part, on an interview with respondent, while Colistra was unable to conduct such an interview due to respondent's refusal to cooperate.  We thus find that Supreme Court did not abuse its discretion in denying respondent's motion to preclude Barnes from testifying (see Matter of State of New York v John P., 20 NY3d at 943; compare Matter of State of New York v Leroy P., 122 AD3d 638, 639-640 [2014], lv denied 24 NY3d

916 [2015]).[1]

        Likewise, we find no abuse of discretion in the denial of respondent's motion for the appointment of a second expert. Respondent identified no new evidence, deficiency in Fabian's investigation or conclusions or other need for a second expert opinion, except to balance the number of experts called by petitioner.  As Supreme Court properly found, Mental Hygiene Law article 10 contains no requirement that both parties must have the same number of expert witnesses (compare Matter of State of New York v Timothy BB., 113 AD3d 18, 22 [2013], appeal dismissed 23 NY3d 941 [2014]; Matter of State of New York v Clarence D., 82 AD3d 776, 777 [2011]).

        As for the determination that respondent is a dangerous sex offender requiring confinement, it was not necessary for Fabian's testimony to be afforded greater weight than petitioners' experts based upon his ostensibly superior qualifications, as respondent contends (see Matter of State of New York v Richard VV., 74 AD3d 1402, 1404 [2010]).  Determinations as to the weight and credibility of conflicting expert medical or psychiatric testimony are reserved for the trier of fact, who is in the best position to make such assessments (see Matter of State of New York v Walter W., 94 AD3d 1177, 1180 [2012], lv denied 19 NY3d 810 [2012]; Matter of State of New York v Donald N., 63 AD3d 1391, 1394 [2009]).  Barnes diagnosed respondent with pedophilia, antisocial personality disorder, another personality disorder related to sadistic tendencies and several other conditions, and opined that these diagnoses, combined with his "very high number of psychopathic traits," placed him at significant risk of recidivism.  Colistra likewise diagnosed respondent with pedophilia and antisocial personality disorder and psychopathy, as well as sexual masochism and other conditions, and opined that he could not be safely managed in a SIST regimen.  In addition to

_____

        [1]  Respondent's additional argument that he was not given sufficient notice that petitioner intended to call Barnes to testify is unpreserved, as it was raised for the first time upon appeal (see Matter of State of New York v Lonard ZZ., 100 AD3d 1279, 1280 [2012]).

multiple other factors indicating a likelihood that respondent would reoffend, both Barnes and Colistra noted that respondent had never fully accepted responsibility for his 1994 and 1996 offenses, and continued to offer inconsistent accounts in which, at various times, he acknowledged at least some of his behavior, denied that anything wrongful had occurred, blamed his actions on substance abuse or, on at least one occasion, claimed that the first of his child victims — then eight years old — had initiated sexual contact with him. Fabian offered contrasting opinions, testifying that respondent had accepted some responsibility for his conduct, that his primary diagnosis was borderline personality disorder and that, although he had pedophilic traits, he did not manifest full-blown pedophilia. Fabian opined that respondent's age of 45 somewhat mitigated the risk that he would reoffend sexually, and that he could be safely managed in the community under a SIST regimen. Supreme Court was free to reject these opinions and credit those of petitioner's experts and, upon our full review of the record, we find that the determination was supported by the requisite "clear and convincing evidence that . . . respondent has a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control [his] behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.07 [f]; see Matter of State of New York v Barry W., 114 AD3d 1093, 1094 [2014]; Matter of State of New York v Walter W., 94 AD3d at 1180).

Rose, Lynch and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court