*498 OPINION OF THE COURT
Robert F. Julian, J.
The issue presented herein is whether a nurse practitioner’s testimony is sufficient to make a prima facie case for an order to administer medication over objection pursuant to Mental Hygiene Law § 33.03. Mohawk Valley Psychiatric Center requests that the court order Carol A., who is diagnosed with both a manic depressive disorder and bipolar disorder, be the subject of a medication regime that would be administered over her apparent objection.
In support of this application at the statutorily required hearing, the petitioner called Bonnie Melnick, a licensed nurse practitioner who holds a Master’s degree in nursing and a Doctorate in holistic medicine. Dr. Melnick has practiced as a nurse practitioner specializing in psychiatric care, having been employed in that capacity by a private hospital, and a private psychiatric practice, and is presently engaged in her own practice seeing psychiatric patients privately. She is also presently practicing at Mohawk Valley Psychiatric Center as a nurse practitioner with an executed collaboration agreement that is in evidence and is the respondent’s clinician. She consults daily regarding her patients with Dr. Komareth, a psychiatrist, and monthly with Dr. Hartnagel, a signatory to the collaboration agreement.
Dr. Melnick testified that the respondent is uncooperative with regard to any medication regime. She opined that the preferred medication to treat this patient is lithium, that the respondent lacked capacity to make a reasoned decision concerning her own treatment, and that the proposed therapeutic regime of lithium or some other like medication is appropriate, narrowly tailored to the needs of the patient, and is in the patient’s best interests. The respondent also testified and indicated that she was not opposed to taking lithium, but questioned whether or not the institution was actually providing her with that medication. At one point in her testimony as a court attendant handed the court a document the respondent warned the court in words or substance that such an interruption was secondary to witchcraft.
Dr. Melnick’s credentials as a nurse practitioner specializing in psychiatry give her legal standing to render opinions regarding the indication for these medications. The court reaches this conclusion because by statute nurse practitioners are allowed to *499 prescribe medications as part of their statutory charter to diagnose and treat. (Education Law § 6902 [3] [a], [b].) If a nurse practitioner can diagnose and treat a patient pursuant to law including prescribe medication, that trained clinician can also give testimony in a proceeding such as the case at bar sufficient to make a prima facie case for court-ordered treatment pursuant to Mental Hygiene Law § 33.03. Based on the content of Dr. Melnick’s opinions, and the respondent’s failure to refute Dr. Melnick’s opinions, the petitioner has demonstrated by clear and convincing evidence that the regime of medication proposed is indicated, that the respondent lacks capacity and insight to make reasoned decisions, that the plan proposed is narrowly tailored to the needs of the patient and is in the patient’s best interest. (Matter of Andrew J., 200 AD2d 745 [2d Dept 1994]; Matter of Mary Ann D., 179 AD2d 724 [2d Dept 1992]; Matter of Eleanor R. v South Oaks Hosp., 123 AD2d 460 [2d Dept 1986], appeal denied and stay dismissed 69 NY2d 602 [1986].)