*469 OPINION OF THE COURT
Joseph J. Dawson, J.
In this special proceeding under article 10 of the Mental Hygiene Law, respondent Richard Rosado moves for an order pursuant to section 10.06 (e) of article 10 of the Mental Hygiene Law appointing Joe Scroppo, Ph.D., J.D., a licensed psychologist in the State of New York, to evaluate Rosado. Petitioner does not oppose the appointment and evaluation, but requests that the evaluation be videotaped and that a representative for petitioner be present at the evaluation. Respondent opposes videotaping the evaluation and objects to the presence of petitioner’s representative at the evaluation. For the reasons set forth below, respondent’s motion for the appointment and evaluation is granted, and petitioner’s request to videotape and send a representative to the evaluation is denied.
Section 10.06 (e) of the Mental Hygiene Law provides in relevant part:
“[T]he respondent may request the court in which the petition is pending to order that he or she be evaluated by a psychiatric examiner. Upon such a request, the court shall order an evaluation by a psychiatric examiner. . . . Following the evaluation, such psychiatric examiner shall report his or her findings in writing to the respondent or counsel for the respondent, to the attorney general, and to the court.” (Emphasis added.)
The plain language of section 10.06 (e) mandates that the court “shall” grant the request of the respondent. When “the plain language of [a] statute is precise and unambiguous, it is determinative.” (See Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 565 [1984] [citations omitted]; see also People v Santi, 3 NY3d 234, 242 [2004] [stating it is a “well-settled principle of statutory construction: courts normally accord statutes their plain meaning,” except when it would lead to an absurd or unreasonable result].) Thus, Mental Hygiene Law § 10.06 (e) requires the court to grant respondent’s request for an evaluation by a psychiatric examiner.
The court turns next to the question whether petitioner is entitled to videotape or somehow be present at the evaluation. There is no provision in article 10 that expressly authorizes the relief that petitioner seeks here. In contrast, there are statutes and rules explicitly granting the district attorney the right to be *470 present at psychiatric evaluations of criminal defendants (see CPL 250.10 [3]), and granting civil litigants the right to videotape examinations before trial. (See CPLR 3113; 22 NYCRR 202.15.) The fact that the Legislature did not include similar provisions in article 10 cannot simply be dismissed as an oversight. In fact, it appears that the Legislature has chosen to leave the methodology of examinations up to the professional examiners. Indeed, Mental Hygiene Law § 10.08 (b), which applies to all procedures under article 10, provides in relevant part that: “In conducting examinations under this article, psychiatric examiners may employ any method accepted by the medical profession for the examination of persons alleged to be suffering from a mental disability or mental abnormality.”*
Annexed to the respondent’s papers opposing the petitioner’s request is an affidavit from the proposed psychiatric examiner, Dr. Scroppo. Dr. Scroppo states that in
“my professional opinion, based upon my expertise as both a clinical psychologist and a forensic psychologist . . . the presence of a representative of the Attorney General, the party opposed to Mr. Rosado in this proceeding, as well as the videotaping of the examination, would adversely affect Mr. Rosado’s ability to participate spontaneously and meaningfully in the subject examination.” (Affidavit of Dr. Scroppo sworn to May 17, 2008, 11 3.)
Dr. Scroppo further refers to a recent policy statement by the American Academy of Clinical Neuropsychology that states that the presence of a third party may distort psychiatric examinations, and that other forensic specialists have made similar findings. (See Scroppo affidavit ¶¶ 5, 6.)
Clearly, respondent has demonstrated a genuine risk that the presence of a videographer or other representative of petitioner would adversely affect said evaluation. Respondent has also shown that videotaping or observation by an adverse party is not, generally speaking, a “method that is accepted by the medical profession for the examination of persons alleged to be suffering from a mental disability or mental abnormality.” (Mental Hygiene Law § 10.08 [b].) While petitioner claims that its presence at, or the videotaping of, respondent’s evaluation would “enhance the reliability of the examination” (affirmation of As *471 sistant Attorney General Elaine K. Yacyshyn, dated May 1, 2008, ¶ 19), there is no indication that petitioner videotaped the proceeding when its own examiner evaluated respondent; nor does it appear that respondent’s counsel was invited to attend. (See affirmation of Kimberly Tate-Brown, Esq., dated May 21, 2008, ¶ 4.) Obviously, then, even petitioner would have to concede that the presence of counsel at, or the videotaping of, an evaluation is not a prerequisite to its reliability.
In short, in the absence of any provision in article 10 authorizing the relief sought by petitioner, the court declines to grant petitioner’s application without express legislative authority to do so. (See State of New York v Ali, Sup Ct, Erie County, Jan. 2, 2008, Michalski, J., index No. 543665/07, at 3 [declining to permit petitioner to videotape or attend respondent’s article 10 evaluation “in the absence of any Constitutional or statutory mandate”]; State of New York v K.C., Sup Ct, Dutchess County, Mar. 20, 2008, Dolan, J., index No. 6159/07, at 2 [refusing to permit petitioner to videotape respondent’s evaluation since “Article 10 makes no provision for the relief sought”].)
The court is aware that some cases have permitted petitioner to videotape or be present at some article 10 evaluations. (See e.g. State of New York v Soto, Sup Ct, Bronx County, May 1, 2008, Riviezzo, J., index No. 341105/08.) In Soto, the court held that petitioner would be permitted to attend and to videotape a court-ordered evaluation sought by petitioner, but explicitly “reserve[d] decision as to whether petitioner should enjoy a similar right to be present or to videotape an examination requested by respondent.” (Id. at 9.) The instant matter presents the situation explicitly left open in Soto. Moreover, in Soto, it appears that there was no evidence suggesting that the examiner had any objection to the presence of a videographer or attorney. (Id. at 8.) Here, of course, there is uncontroverted evidence from the examiner himself illustrating that the presence of a third party would adversely affect the evaluation. Thus, the Soto decision is distinguishable.
There is one final matter that requires discussion. As part of the order appointing the psychiatric examiner, respondent asks that petitioner be “directed to make available any and all records ... in its possession regarding Respondent.” (See proposed order at 1.) Petitioner opposes the request, noting that there has already been discovery in this matter, that counsel for respondent may make these discovery materials available to Dr. Scroppo, and that new records will be provided to respondent as *472 generated. (See Yacyshyn affirmation ¶ 12.) Mental Hygiene Law § 10.08 (b) provides that respondent’s psychiatric examiner “shall have reasonable access to the respondent’s relevant medical, clinical or criminal records.” This is obviously an elastic standard, and the court will not issue an advisory opinion regarding what is “reasonable” in the absence of an actual dispute over particular documents.
For these reasons, respondent’s motion is granted and petitioner’s application is denied.

 Article 10 of the Mental Hygiene Law appears to use the terms “examination” in section 10.08 (b) and “evaluation” in section 10.06 (e) interchangeably. (Compare § 10.03 Q]; § 10.06 [e]; § 10.08 [b].)