In the Matter of CHARLES S., Appellant. STATE OF NEW YORK, Respondent. [875 NYS2d 263]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Charles S., an alleged sex offender requiring civil management, Charles S. appeals from an order of the Supreme Court, Kings County (Dowling, J.), dated May 30, 2008, which, in effect, granted the motion of the State of New York for leave to attend and videotape his court-ordered evaluation, to be conducted by a psychiatric examiner of his choosing pursuant to Mental Hygiene Law § 10.06 (e) and to videotape any court-ordered evaluation of him that may be conducted by a psychiatric examiner of its choosing pursuant to Mental Hygiene Law § 10.06 (d). By decision and order on motion of this Court dated July 31, 2008, enforcement of the order was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion of the State of New York for leave to attend and videotape the court-ordered evaluation of Charles S. to be conducted by a psychiatric examiner of his choosing pursuant to Mental Hygiene Law § 10.06 (e) and to videotape any court-ordered evaluation of Charles S. that may be conducted by a psychiatric examiner of its choosing pursuant to Mental Hygiene Law § 10.06 (d) is denied.

The State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Charles S. (hereinafter the appellant), an alleged sex offender

requiring civil management. Prior to the trial of the matter, the appellant requested the court to direct that he be evaluated by a psychiatric examiner of his choosing pursuant to Mental Hygiene Law § 10.06 (e). In response, the State moved for leave to attend and videotape that evaluation. The State also sought leave to videotape any evaluation of the appellant to be conducted by a psychiatric examiner of its own choosing, pursuant to Mental Hygiene Law § 10.06 (d), that may be ordered by the court in response to any request for such an evaluation that it may make in the future. Although the appellant formally opposed all aspects of the State's motion, he indicated that he is not opposed to the State's attendance at any evaluation that may be conducted by a psychiatric examiner chosen by the State. The Supreme Court, in effect, granted the State's motion in its entirety. We reverse.

Although Mental Hygiene Law article 10 sets forth various rules and procedures relating to court-ordered psychiatric evaluations conducted pursuant thereto, it is entirely silent as to whether the State may attend and/or videotape a court-ordered independent psychiatric evaluation and as to whether the State may videotape a court-ordered evaluation conducted by a psychiatric examiner of its choosing. " '[A] court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact' " (*Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394 [1995], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 363, at 525; *see Janssen v Incorporated Vil. of Rockville Ctr.*, 59 AD3d 15 [2008]). Inasmuch as there is no provision in Mental Hygiene Law article 10 which expressly permits the relief requested by the State, we will not insert such language into the statute.

Accordingly, the State's motion should have been denied it its entirety. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.