■ In the Matter of STATE OF NEW YORK, Respondent, v BERNARD D., Appellant. [877 NYS2d 84]—

Order, Supreme Court, Bronx County (Michael A. Gross, J.), entered October 28, 2008, which, sua sponte, reconsidered an order, same court and Justice, entered October 22, 2008, inter alia, granting petitioner State of New York's motion to videotape any psychiatric examination of respondent conducted in connection with this civil management proceeding pursuant to Mental Hygiene Law article 10, and adhered to the prior order, unanimously reversed, on the law, without costs, and the motion denied. Appeal from the October 22, 2008 order unanimously dismissed, without costs, as subsumed in the appeal from the October 28, 2008 order.

The State does not have a right to videotape Mental Hygiene Law § 10.06 psychiatric examinations (*Matter of State of New York v R.H.*, 21 Misc 3d 1127[A], 2008 NY Slip Op 52249[U] [2008]; *Matter of State of New York v Rosado*, 20 Misc 3d 468 [2008]). Article 10 contains no express provision authorizing such videotaping, unlike other contexts in which litigants are given the right to videotape (*see Matter of Charles S.*, 60 AD3d 954 [2d Dept 2009]; 22 NYCRR 202.15, implementing CPLR 3113 [b] [civil depositions]; Family Ct Act § 1038 [c] [psychiatric examinations in certain child protective proceedings]). Indeed, by limiting discovery of section 10.06 examinations to the production of the examiners' reports (Mental Hygiene Law § 10.06 [d], [e]), and leaving the methodology of examinations up to the examiner (Mental Hygiene Law § 10.08 [b]), article 10 indicates that the Legislature intended that the courts not have the discretion to order the videotaping of section 10.06 examinations. Although in the context of criminal cases in which a psychiatric defense is advanced, the Court of Appeals has held that fundamental fairness requires that the State have a reciprocal right to observe a defendant's psychiatric examination for the purposes of trial preparation (*Matter of Lee v County Ct. of Erie County*, 27 NY2d 432, 444 [1971], *cert denied* 404 US 823 [1971]; *see also* CPL 250.10 [3]), and although the same fairness concerns are implicated in article 10 proceedings, they are mitigated by the State's right to examine the respondent before

the latter's right to counsel attaches (Mental Hygiene Law § 10.05 [e]; § 10.06 [c]), to subject him or her to a rebuttal examination after it reviews the report of his or her examiner (Mental Hygiene Law § 10.06 [d]), and to have access to any relevant medical, clinical or other information generated by any state agency, office or department (Mental Hygiene Law § 10.08 [c]). We have considered the State's other arguments and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Saxe, Moskowitz and Richter, JJ.