■ In the Matter of STATE OF NEW YORK, Respondent, v MICHAEL PIERCE, Appellant. [914 NYS2d 547]—

Appeal from an order of the Supreme Court, Lewis County (Joseph D. McGuire, J.), entered January 14, 2009 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, adjudged that respondent is a dangerous sex offender requiring confinement, and committed respondent to the care and custody of the Commissioner of Mental Health for placement in a secure treatment facility.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order determining that he is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law article 10. The jury found that he suffers from a mental abnormality that predisposes him to commit sex offenses and makes it unlikely that he will be able to control his behavior. We reject the contention of respondent that petitioner failed to prove by clear and convincing evidence that he suffers from a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i). Rather, we conclude that the evidence of respondent's past convictions presented by petitioner established that respondent suffers from pedophilia, as that term is defined in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (DSM-IV). According to DSM-IV, respondent falls within the definition of a pedophile if he, over a period of six months, has experienced

recurrent and intense sexually arousing fantasies, sexual urges or behaviors involving children under the age of 13; if the fantasies, sexual urges or behaviors cause clinically significant distress or impairment in social, occupational or other important areas of functioning; and if he is at least 16 years old and five years older than his victims (*see Matter of State of New York v Shawn X.*, 69 AD3d 165, 170 n 3 [2009], *lv denied* 14 NY3d 702 [2010]). As respondent correctly contends, one of the experts for petitioner testified during the jury phase of the trial that pedophilia occurs with a "prepubescent child, meaning someone [13] years old or younger." According to respondent, there was no evidence that the 13-year-old victim who was the subject of respondent's 1980 conviction was prepubescent, and thus petitioner failed to establish that respondent was a pedophile. Contrary to respondent's contention, however, the fact that the expert was unable to state definitively that the 13 year old was prepubescent does not compel the conclusion that the jury's determination was not supported by a fair interpretation of the evidence (*see id.* at 168-169; *Matter of Daniel XX.*, 53 AD3d 819, 820 [2008]).

Respondent further contends that Supreme Court erred in allowing petitioner's two experts to testify concerning their opinions that he was a pedophile because those opinions were based on documents that were not shown to be reliable. Respondent failed to preserve that contention for our review, however, because in his motion in limine he did not seek to preclude the experts from testifying with respect to their opinions on that ground. Rather, respondent agreed that the experts could base their opinions on hearsay contained in the documentary evidence, and he sought only to preclude petitioner from disclosing to the jury any information not admitted in evidence. In any event, we note that most of the documents relied upon by the experts in forming their opinions were documents of the kind found to be reliable in *People v Mingo* (12 NY3d 563 [2009]), i.e., parole board documents, presentence reports, accusatory instruments, certificates of conviction, police reports and respondent's criminal records. Those documents supported the diagnoses of pedophilia, even without consideration of the remaining documents not of the kind set forth in *Mingo*, and thus any error in the admission of the experts' opinions to the extent that they were based on such remaining documents is harmless.

In addition, respondent contends that he was denied his right to effective assistance of counsel based on his attorney's failure to attend his interviews with petitioner's two experts (*see gener-*

*ally Matter of State of New York v Campany*, 77 AD3d 92 [2010], *lv denied* 15 NY3d 713 [2010]). We note that the record establishes that his interview with one of the two experts occurred before the petition was filed, and thus respondent's right to counsel had not yet attached (*see* Mental Hygiene Law § 10.08 [g]; *Matter of State of New York v Bernard D.*, 61 AD3d 567 [2009]). Respondent's contention therefore is lacking in merit insofar as it concerns that expert. Respondent's contention with respect to the second of the two experts concerns matters that are outside the record on appeal, and we therefore are unable to review that part of the contention. Moreover, in view of our prior conclusion that the experts' opinions were supported by documents of the kind found to be reliable in *People v Mingo* (12 NY3d 563 [2009]), we further conclude that the failure of respondent's attorney to object to the admission of the opinions to the extent that they were based on documents that were not of the kind found to be reliable in *Mingo* (12 NY3d 563 [2009]) did not deprive respondent of meaningful assistance of counsel.

Respondent has failed to preserve for our review his contention that the court erred in advising the jury during its preliminary instructions that, if the jury found that respondent suffered from a mental abnormality, the court would then determine whether he would be released on strict and intensive supervision or confined in a secured treatment facility. In any event, we note that the court's jury instruction is consistent with PJI 8:8.3.

Respondent next contends that the court erred in denying his motion to require employees of the Office of Mental Health (OMH) to wear civilian shirts while in the courtroom. We note, however, that the jury necessarily was aware that respondent had been convicted of sex offenses and that the jury was aware that its task was to determine whether respondent suffers from a mental abnormality. We therefore conclude that it was not inherently prejudicial to defendant that OMH employees wore uniforms while in the courtroom (*see generally Holbrook v Flynn*, 475 US 560, 567-569 [1986]).

We reject respondent's contention that petitioner failed to prove by the requisite clear and convincing evidence that he is a dangerous sex offender requiring confinement, as determined by the court following the dispositional phase of the proceedings. "Mindful that 'Supreme Court was in the best position to evaluate the weight and credibility of the conflicting psychiatric testimony presented' . . . , we defer to the court's decision to credit [the testimony of petitioner's] expert" (*Matter of State of New York v Craig T.*, 77 AD3d 1062, 1064 [2010]; *see Matter of*

*State of New York v Timothy JJ.*, 70 AD3d 1138, 1144-1145 [2010]).

Finally, respondent contends that he was denied his right to equal protection of the law because respondents in proceedings pursuant to Mental Hygiene Law article 9 are entitled to a jury trial throughout the proceedings, while respondents in article 10 proceedings are not entitled to a jury trial at the dispositional phase of the proceedings. Respondent failed to preserve that contention for our review and, in any event, it lacks merit. Respondent has failed to show that he was similarly situated to respondents in article 9 proceedings, or that the difference in the legislation between article 9 and article 10 was "based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person" (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 631 [2004]; *see generally Matter of 303 W. 42nd St. Corp. v Klein*, 46 NY2d 686, 693 [1979]). Present—Scudder, P.J., Smith, Green, Pine and Gorski, JJ.