[1 NE3d 296, 978 NYS2d 95]

In the Matter of STATE OF NEW YORK, Respondent, v ENRIQUE D., Appellant.

Argued September 12, 2013; decided October 22, 2013

**APPEARANCES OF COUNSEL**

*Marvin Bernstein, Mental Hygiene Legal Service*, New York City (*Sadie Zea Ishee* and *Diane Temkin* of counsel), for appellant.

*Eric T. Schneiderman, Attorney General*, New York City (*Valerie Figueredo, Steven C. Wu* and *Barbara D. Underwood* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, without costs, and a new trial ordered.

Respondent Enrique D. has an extensive history of sex offenses. In July 2009, as Enrique D. neared release from prison,

where he had most recently been serving a sentence of 2 to 4 years for attempted sexual abuse in the first degree (Penal Law §§ 130.65, 110.00), petitioner State of New York commenced this civil management proceeding pursuant to Mental Hygiene Law article 10. At the ensuing jury trial to determine whether Enrique D. suffered from a mental abnormality, his attorney sought to call as a witness a former girlfriend, Naomi N. The attorney told the trial judge that Naomi N. would testify as to "whether [Enrique D.] ever offended against her, ever tried to offend against her, any boundaries that she had that he respected or didn't respect." He argued that this testimony was relevant "to the second element of the . . . mental abnormality [finding], which is [Enrique D.'s] ability to control himself."

The trial judge denied the request, but stated that Enrique D.'s expert could testify about any information provided by Naomi N. which he relied upon in reaching his diagnosis and opinion. The judge added that she would reserve decision as to whether to allow Naomi N. herself to testify in addition to the expert. Later during the trial, Enrique D.'s attorney again asked the judge to allow Naomi N. to testify, and the judge again denied the request on the same basis—that anything relevant that Naomi N. might have to say could come in through Enrique D.'s expert.

The State's expert diagnosed Enrique D. with "paraphilia, not otherwise specified (NOS)—non-consent," meaning that he was sexually aroused by forcing unwilling women to engage in sexual conduct. The expert further testified that Enrique D. was unable to control his sex-offending behavior. Enrique D.'s expert, by contrast, did not diagnose him with paraphilia NOS, and added that the "non-consent" diagnosis was controversial within the psychiatric community; the expert did not refer to any information provided by Naomi N.

The jury returned a unanimous verdict finding that Enrique D. suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i). Following a dispositional hearing, Supreme Court adjudged Enrique D. a dangerous sex offender in need of confinement. On appeal, the Appellate Division affirmed (98 AD3d 847 [1st Dept 2012]), concluding that Supreme Court had not committed reversible error in rejecting Naomi N.'s testimony. In the Court's view, the fact "that [Enrique D.] may not have sexually abused one former girlfriend—and there was evidence in the proceeding that he had at least 26 sexual partners—does not tend to disprove that his behavior manifested

a pattern of sexually abusing nonconsenting women" (*id.* at 848). We granted Enrique D. leave to appeal (20 NY3d 857 [2013]), and now reverse.

In the circumstances of this case, Supreme Court abused its discretion by precluding Naomi N. from testifying. Mental Hygiene Law § 10.08 (g) provides that a respondent in an article 10 proceeding "may, as a matter of right, testify in his or her own behalf, call and examine other witnesses, and produce other evidence in his or her behalf." This provision manifestly does not limit a respondent to expert witnesses. The pertinent question is whether a witness—expert or lay—has material and relevant evidence to offer on the issues to be resolved.

Here, Naomi N.'s rejected testimony was relevant to the State expert's diagnosis of paraphilia NOS—non-consent. The jury was asked to decide whether Enrique D. suffered a condition, disease, or defect that predisposed him to commit sex offenses, and whether that condition caused him serious difficulty in controlling his sex-offending conduct. With respect to the first prong, Naomi N.'s testimony would have called into question whether Enrique D. exhibited a long-standing fixation on non-consenting women; as to the second, her testimony was relevant to show whether he experienced difficulty controlling his sexual behavior.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order reversed, without costs, and a new trial ordered, in a memorandum.