# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**556**
**CA 16-01428**

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF THE APPLICATION FOR DISCHARGE
OF CHARADA T., CONSECUTIVE NO. 151015 FROM
CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO
MENTAL HYGIENE LAW SECTION 10.09,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

STATE OF NEW YORK, NEW YORK STATE OFFICE OF
MENTAL HEALTH AND NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
RESPONDENTS-RESPONDENTS.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA
(BENJAMIN D. AGATA OF COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

-------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (Louis
P. Gigliotti, A.J.), entered August 4, 2016 in a proceeding pursuant
to Mental Hygiene Law article 10.  The order, insofar as appealed
from, denied that part of the motion of petitioner seeking a change of
venue.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs and that part of the
motion seeking a change of venue is granted.

Memorandum:  In this annual review proceeding pursuant to Mental
Hygiene Law § 10.09, petitioner appeals from an order that, inter
alia, denied that part of his motion seeking a change of venue to New
York County for the convenience of witnesses (*see generally Matter of
Tyrone D. v State of New York*, 24 NY3d 661, 666).  Petitioner was
previously determined to be a dangerous sex offender requiring civil
confinement and confined to a secure treatment facility (*see* § 10.01
*et seq*.).  He is currently confined at the Central New York
Psychiatric Center in Oneida County.  We now grant that part of the
motion seeking a change of venue.

The court may change the venue of an annual review proceeding
" 'to any county for good cause, which may include considerations
relating to the convenience of the parties or witnesses or the
condition of the [confined sex offender]' " (*Tyrone D.*, 24 NY3d at

666, quoting Mental Hygiene Law § 10.08 [e]).  We agree with petitioner that Supreme Court improvidently exercised its discretion in denying his motion inasmuch as the proposed testimony of his mother, who lives in New York County, is "relevant to the issue of whether petitioner remained a dangerous sex offender in need of confinement" (*id.* at 667; *see* § 10.09 [h]).  Although respondent correctly notes that the subjects of the mother's proposed testimony also may be the subjects of expert testimony, "[t]he pertinent question is whether a witness—expert or lay—has material and relevant evidence to offer on the issues to be resolved" (*Matter of State of New York v Enrique D.*, 22 NY3d 941, 944).  We agree with petitioner that his mother's proposed testimony concerning his stated goals and priorities, likely living arrangements, and the availability and extent of a familial support system in the event of release, is material and relevant to the issue whether he "is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]; *see Matter of Vega v State of New York*, 140 AD3d 1608, 1609).  We therefore conclude that petitioner established the requisite good cause for a change of venue (*see* § 10.08 [e]).

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court