Matter of Talbot V. (Kingsboro Psychiatric Ctr.) (2021 NY Slip Op 01984)





Matter of Talbot V. (Kingsboro Psychiatric Ctr.)


2021 NY Slip Op 01984


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-00919
 (Index No. 301925/19)

[*1]In the Matter of Talbot. (Anonymous), appellant; Kingsboro Psychiatric Center, respondent.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Lisa Volpe, and Dennis B. Feld of counsel), for appellant. 
Letitia James, Attorney General, New York, NY (Judith N. Vale and Philip J. Levitz of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law § 9.33 to retain a patient in a hospital for involuntary psychiatric care for a period not to exceed 24 months, the patient appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated November 14, 2019. The order, upon determining that the petitioner was not obligated to furnish the patient's counsel with the patient's complete clinical record, after a hearing, granted the petition and directed that the patient be retained for a period of 6 months.
ORDERED that the appeal from so much of the order as directed that the patient be retained for a period of 6 months is dismissed as academic, as the period of retention has now expired; and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
In October 2019, the petitioner, Kingsboro Psychiatric Center (hereinafter KPC), commenced this proceeding pursuant to Mental Hygiene Law § 9.33 for the involuntary retention of Talbot V. (hereinafter the patient) for a period not to exceed two years. The patient requested a hearing regarding the retention petition, and further sought a direction that KPC provide a copy of his complete clinical record to his counsel, Mental Hygiene Legal Service (hereinafter MHLS), in advance of the hearing pursuant to Mental Hygiene Law § 9.31. The Supreme Court denied the patient's request for the production of a copy of his complete clinical record, and construed Mental Hygiene Law § 9.31 as requiring only that admission, transfer, or retention papers, and accompanying medical certificates, be provided. Thereafter, in an order dated November 14, 2019, after a hearing, the court granted the petition and authorized KPC to retain the patient for a period of six months from the date of the order. The patient appeals.
Generally, "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714; see Matter of Yuri M. [Karpati], 107 AD3d 999, 1000). "However, an exception to the mootness doctrine permits [*2]courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable" (Matter of G., Cynthia [Kings County Hosp.], 188 AD3d 881, 882 [internal quotation marks omitted]).
Here, the order authorizing the patient's retention has expired by its terms, and the patient has been discharged from KPC, thus rendering the appeal academic (see id. at 882; Matter of Gail R. [Barron], 67 AD3d 808, 810). However, the statutory interpretation issue raised on this appeal regarding the documents that KPC is required to furnish to MHLS is likely to recur, will typically evade appellate review, and is substantial and novel (see Mental Hygiene Legal Servs. v Ford, 92 NY2d 500, 506; Matter of G., Cynthia [Kings County Hosp.], 188 AD3d at 882; Matter of Gail R. [Barron], 67 AD3d at 810). Accordingly, we reach the merits of that issue as an exception to the mootness doctrine (see Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 201-202).
"Mental Hygiene Law § 9.31(b) is a notice provision aimed at alerting the court and a patient's counsel 'forthwith' that the patient has requested a hearing to challenge the propriety of admission or continued retention" (Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d 44, 52). It directs that after receiving notice of a request for a hearing, a hospital must provide "a copy of such notice with a record of the patient" to the court and MHLS (Mental Hygiene Law § 9.31[b]).
As defined by Mental Hygiene Law § 9.01, "[the] 'record' of a patient shall consist of admission, transfer or retention papers and orders, and accompanying data required by this article and by the regulations of the commissioner" (emphasis added). KPC contends that the "accompanying data" consists of the certificates of two examining physicians which are required to accompany an application for a patient's admission (see Mental Hygiene Law § 9.27). Conversely, the patient contends that "accompanying data" is not expressly defined, and that courts therefore should apply the definition of "patient record" in the regulations of the Commissioner of the New York State Office of Mental Health (hereinafter OMH) (14 NYCRR 501.2[a]). That regulation, in turn, refers to the statutory definition of "clinical record" found in Mental Hygiene Law § 33.16. However, during the pendency of this appeal, that regulation was amended to clarify that the definition of "patient record" is not intended to expand the definition of "record" as used in article 9 of the Mental Hygiene Law (see 14 NYCRR 501.2[a]), and that "accompanying data" is expressly limited to "medical certificates providing the basis for the admission of patients and requests for transfer or retention" (id.).
Accordingly, the Supreme Court properly determined that the specific, limited definition of "record" applicable to article 9 of the Mental Hygiene Law is not synonymous with the broad definition of "clinical record" under Mental Hygiene Law § 33.16. Indeed, "'[w]hen different terms are used in various parts of a statute or rule, it is reasonable to assume that a distinction between them is intended'" (Matter of Orens v Novello, 99 NY2d 180, 187, quoting Matter of Albano v Kirby, 36 NY2d 526, 530).
Moreover, OMH's interpretation of the statute, and its construction of its own regulations, "is, as a general matter, given great weight and judicial deference so long as the interpretation is neither irrational, unreasonable nor inconsistent with the governing statute" (Matter of Moran Towing & Transp. Co. v New York State Tax Commn., 72 NY2d 166, 173; see Samiento v World Yacht Inc., 10 NY3d 70, 79). We reject the patient's contention that the agency's interpretation of Mental Hygiene Law § 9.31 is "out of harmony with or inconsistent with the plain meaning of the statutory language" (Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588, 595). Given the undisputed access to KPC's clinical records which MHLS enjoys (see Mental Hygiene Law § 47.03[d]), OMH's interpretation is consistent with both the purposes of the statute and the requirements of due process.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court