Matter of Charles L. v State of New York (2023 NY Slip Op 05075)

Matter of Charles L. v State of New York

2023 NY Slip Op 05075

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

676 CA 22-01961

[*1]IN THE MATTER OF CHARLES L., PETITIONER-APPELLANT,
v
STATE OF NEW YORK, RESPONDENT-RESPONDENT. (APPEAL NO. 2.) 

ELIZABETH S. FORTINO, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (PATRICK T. CHAMBERLAIN OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Gerard J. Neri, J.), entered December 7, 2022, in a proceeding pursuant to Mental Hygiene Law article 10. The order, insofar as appealed from, denied the motion of petitioner to vacate an order directing an evidentiary hearing. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion insofar as it seeks to vacate the order dated September 12, 2022, is granted, that order is vacated, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Petitioner, who was previously determined to be a dangerous sex offender requiring confinement and committed to a secure treatment facility (see Mental Hygiene Law § 10.01 et seq.), appeals in appeal No. 1 from an order (letter order) directing, sua sponte, that his annual review hearing pursuant to Mental Hygiene Law § 10.09 (d) be conducted by the submission of documentary evidence only. In appeal No. 2, he appeals from a subsequent order insofar as it denied that part of his motion seeking to vacate the letter order. Petitioner contends with respect to both appeals that Supreme Court violated, inter alia, his statutory rights under article 10 of the Mental Hygiene Law by not scheduling an evidentiary hearing with live witness testimony.
Initially, we conclude that appeal No. 1 should be dismissed. The letter order is not appealable as of right inasmuch as it was entered sua sponte and did not decide a "motion . . . made upon notice" (CPLR 5701 [a] [2]; see Mosley v Parnell, 211 AD3d 1530, 1531 [4th Dept 2022]). We decline to treat the notice of appeal as an application for leave to appeal because all of petitioner's contentions are before us in appeal No. 2.
With respect to appeal No. 2, Mental Hygiene Law § 10.09 (d) requires the court to "hold an evidentiary hearing as to retention of [an offender] . . . if it appears from one of the annual submissions to the court under [§ 10.09 (c)] . . . that the [offender] has petitioned, or has not affirmatively waived the right to petition, for discharge." Petitioner here has petitioned for annual review, and he is therefore entitled to an evidentiary hearing with live witness testimony where he "may, as a matter of right, testify in his . . . own behalf, call and examine other witnesses, and produce other evidence in his . . . behalf" (Mental Hygiene Law § 10.08 [g]; see Matter of State of New York v Enrique D., 22 NY3d 941, 944 [2013]; see also Matter of Charada T. v State of New York, 149 AD3d 1588, 1589 [4th Dept 2017]). We therefore reverse the order insofar as appealed from, and we remit the matter to Supreme Court to hold such a hearing.
We have considered petitioner's remaining contentions and conclude that, under the circumstances of this case, none warrants further relief. We note that we have not considered arguments and documents submitted to this Court for the first time in a postargument submission [*2]in this appeal (see Matter of Fichera v New York State Dept. of Envtl. Conservation, 159 AD3d 1493, 1495-1496 [4th Dept 2018]; see generally Tanksley v LCO Bldg. LLC, 196 AD3d 1037, 1039 [4th Dept 2021]).
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court