Matter of Jonathan S. (Creedmoor Psychiatric Ctr.) (2025 NY Slip Op 03195)

Matter of Jonathan S. (Creedmoor Psychiatric Ctr.)

2025 NY Slip Op 03195

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-05410
 (Index No. 500187/24)

[*1]In the Matter of Jonathan S. (Anonymous), appellant. Creedmoor Psychiatric Center, respondent.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Timothy M. Riselvato, Dennis B. Feld, and Jill Krol of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Mark S. Grube and Blair J. Greenwald of counsel), for respondent.
In a proceeding pursuant to Mental Hygiene Law § 9.33 to retain a patient in a hospital for involuntary psychiatric care for a period not to exceed one year, the patient appeals from an order of the Supreme Court, Queens County (Lumarie Maldonado-Cruz, J.), dated April 23, 2024. The order, insofar as appealed from, after a hearing, granted that branch of the petitioner's motion which was for leave to renew its application to retain the patient for further care and treatment for a period not to exceed one year, which had been denied in an order of the same court dated March 5, 2024, and, upon renewal, vacated the order dated March 5, 2024, and thereupon, granted the application to the extent of authorizing the petitioner to retain the patient for further care and treatment for a period not to exceed five months.

DECISION & ORDER
Motion by the petitioner to dismiss the appeal on the ground that the appeal has been rendered academic. By decision and order on motion of this Court dated February 3, 2025, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion to dismiss the appeal is granted; and it is further,
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
"Pursuant to Mental Hygiene Law § 9.33, the Supreme Court may authorize the retention of a patient in a hospital for involuntary psychiatric care upon proof by clear and convincing evidence that the patient is mentally ill and in need of further care and treatment, and that the patient poses a substantial threat of physical harm to himself or others" (Matter of Daniel C. [South Beach Psychiatric Ctr.], 207 AD3d 539, 539-540; see Matter of Marie H., 25 AD3d 704). Generally, "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714; see Matter of Talbot V. [Kingsboro [*2]Psychiatric Ctr.], 192 AD3d 1123). Here, the order authorizing the appellant's retention has expired by its terms, thus rendering the appeal academic (see Matter of Daniel C. [South Beach Psychiatric Ctr.], 207 AD3d at 540; Matter of Talbot V. [Kingsboro Psychiatric Ctr.], 192 AD3d at 1123). Contrary to the appellant's contention, this matter does not warrant the invocation of the exception to the mootness doctrine (see Matter of Daniel C. [South Beach Psychiatric Ctr.], 207 AD3d at 540).
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court