Matter of Raymond E. (2025 NY Slip Op 04006)

Matter of Raymond E.

2025 NY Slip Op 04006

Decided on July 2, 2025

Appellate Division, Second Department

Love, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2022-09827
 (Index No. 3116/22)

[*1]In the Matter of Raymond E. (Anonymous), appellant. South Beach Psychiatric Center, respondent. 

 
APPEAL by the patient, in a proceeding pursuant to Mental 
Hygiene Law § 9.33 to retain a patient in a hospital for involuntary psychiatric 
care for a period not to exceed two years, from an order of the Supreme Court 
(Charles M. Troia, J.), dated June 27, 2022, and entered in Richmond County. The 
order, after a hearing, granted the petition and directed that the patient be 
retained for a period not to exceed two years.

MOTION by the petitioner to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated March 11, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Mental Hygiene Legal Service, Garden City, NY (Arthur A. Baer and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Mark S. Grube and Daniel S. Magy of counsel), for respondent.

LOVE, J.

OPINION & ORDER
Mental Hygiene Law § 9.27 et seq. establishes the procedure for the involuntary admission and retention of patients alleged to be mentally ill in a hospital. Pursuant to that section, a patient may be initially involuntarily admitted to a hospital upon the certification of two examining physicians, which must then be confirmed by a third physician who is a member of the psychiatric staff of that hospital (see id. § 9.27[a], [e]). A question of first impression before this Court on this appeal is whether, at a hearing held pursuant to Mental Hygiene Law §§ 9.31 and 9.33 to retain an involuntary patient, the petitioner must furnish the testimony of a licensed physician rather than a nurse practitioner.
Relevant Facts and Procedural History
By petition dated April 27, 2022, the petitioner, South Beach Psychiatric Center, through its clinical director, commenced this proceeding pursuant to Mental Hygiene Law § 9.33 to retain Raymond E. (hereinafter the patient) for involuntary psychiatric care for a period not to exceed two years, having determined that the patient had a mental illness for which care and treatment in a hospital is essential and that the patient posed a substantial threat of harm to himself or others. Notice of the petition was sent to the patient, the Mental Hygiene Legal Service, and all other persons entitled to notification. By email dated April 29, 2022, the petitioner applied to the Supreme Court to have the patient's treating nurse practitioner serve as its expert psychiatric witness at a retention hearing held pursuant to Mental Hygiene Law § 9.33(c). The patient opposed the application, arguing that because involuntary retention without a hearing pursuant to Mental Hygiene [*2]Law § 9.27 requires the certification of three licensed physicians and because "the Legislature did not include any provision for [nurse practitioners] in the involuntary admission or retention statutory scheme under the Mental Hygiene Law," a nurse practitioner is never permitted to serve as an expert witness in retention hearings. On June 27, 2022, the court conducted a hearing, at which the petitioner presented the testimony of a nurse practitioner who had been the patient's treating nurse practitioner for a year and a half and had treated approximately a thousand patients as a nurse practitioner, and the patient's medical records. The patient testified in opposition. In an order dated June 27, 2022, the court granted the petition and directed that the patient be retained for a period not to exceed two years from the date of the order. The patient appeals.
Discussion
Generally, "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714). "'However, an exception to the mootness doctrine permits courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable'" (Matter of Talbot V. [Kingsboro Psychiatric Ctr.], 192 AD3d 1123, 1124, affd 38 NY3d 1128, quoting Matter of G., Cynthia [Kings County Hosp.], 188 AD3d 881, 882).
Here, the order directing the patient's retention was superseded by an order dated October 30, 2023, authorizing assisted outpatient treatment, and the patient has been discharged from the petitioner in accordance therewith, rendering this appeal academic (see id.). However, the statutory interpretation issue raised on this appeal regarding whether Mental Hygiene Law article 9 requires the petitioner to furnish the testimony of a licensed physician at a retention hearing is likely to recur, will typically evade appellate review, and is substantial and novel (see Matter of Talbot V. [Kingsboro Psychiatric Ctr.], 192 AD3d at 1124). Accordingly, we reach the merits of that issue as an exception to the mootness doctrine.
Pursuant to Mental Hygiene Law § 9.27(a), "[t]he director of a hospital may receive and retain therein as a patient any person alleged to be mentally ill and in need of involuntary care and treatment upon the certificates of two examining physicians, accompanied by an application for the admission of such person." Thereafter,
"[t]he director of the hospital where such person is brought shall cause such person to be examined forthwith by a physician who shall be a member of the psychiatric staff of such hospital other than the original examining physicians whose certificate or certificates accompanied the application and, if such person is found to be in need of involuntary care and treatment, he [or she] may be admitted thereto as a patient as herein provided" (id. § 9.27[e]).
Within five days following the admission, "[t]he director shall cause written notice of a person's involuntary admission on an application supported by medical certification to be given forthwith to the [M]ental [H]ygiene [L]egal [S]ervice" (id. § 9.29[a]; see id. § 9.29[b]).
Pursuant to Mental Hygiene Law § 9.31, at any time within 60 days from the date of the involuntary admission of a patient, the patient or any relative or friend or the Mental Hygiene Legal Service may give notice in writing to the director of a request for a hearing on the question of need for involuntary care and treatment, and upon receiving notice of such request, the director must send a copy of such notice with a record of the patient to the appropriate court and the Mental Hygiene Legal Service (see id. § 9.31[a], [b]). Upon receipt of such notice, the court
"shall fix the date of such hearing at a time not later than five days from the date such notice is received by the court and cause the patient, any other person requesting the hearing, the director, the [M]ental [H]ygiene [L]egal [S]ervice, and such other persons as the court may determine to be advised of such date. Upon such date, or upon such other date to which the proceeding may be adjourned, the court shall hear testimony and examine the person alleged to be mentally ill, if it be deemed advisable in or out of court. If it be determined that the patient is in need of retention, the court shall deny the application for the patient's release" (id. § 9.31[c]).
In addition, Mental Hygiene Law § 9.33 provides that no later than 60 days from the date of an involuntary admission of a patient, or 30 days from the date of an order denying an application for a patient's release pursuant to Mental Hygiene Law § 9.31, whichever is later, if the director of a hospital determines that a patient is in need of continued retention, the director shall apply to the court for an order authorizing continued retention (see id. § 9.33[a]).
"Pursuant to Mental Hygiene Law § 9.33, the Supreme Court may authorize the retention of a patient in a hospital for involuntary psychiatric care upon proof by clear and convincing evidence that the patient is mentally ill and in need of further care and treatment, and that the patient poses a substantial threat of physical harm to himself [or herself] or others" (Matter of Daniel C. [South Beach Psychiatric Ctr.], 207 AD3d 539, 539-540; see Matter of Marie H., 25 AD3d 704).
Upon the demand of the patient, the Mental Hygiene Legal Service, or anyone on the patient's behalf, the court shall, or may on its own motion, fix a date for the hearing of an application made pursuant to Mental Hygiene Law § 9.33, in like manner as is provided for hearings in Mental Hygiene Law § 9.31 (see id. § 9.33[c]). The provisions of Mental Hygiene Law § 9.31 generally "shall apply to the procedure for obtaining and holding a hearing and to the granting or refusal to grant an order of retention by the court" (id. § 9.33[c]). "[T]he court shall hear testimony and examine the person alleged to be mentally ill, if it be deemed advisable in or out of court" (id. § 9.31[c]; see id. § 9.33[c]).
The patient contends that, as only physicians are permitted to certify and confirm that a person is mentally ill and in need of involuntary care pursuant to Mental Hygiene Law § 9.27, which could result in a period of confinement of up to 60 days, at a retention hearing pursuant to Mental Hygiene Law § 9.33, which could result in a confinement period of at least six months, a significantly greater deprivation of liberty, experts testifying must be at least as qualified as those permitted to admit patients initially under Mental Hygiene Law § 9.27, given the liberty interests at stake. However, the patient's contention incorrectly conflates the requirements for the initial involuntary confinement of a patient, prior to any level of judicial review, with the requirements to retain that patient, after a hearing, where the patient may cross-examine witnesses, testify, and present his or her own evidence to rebut the hospital's case (see id. § 9.31[c]). Contrary to the patient's contention, while Mental Hygiene Law § 9.27 requires the certificates of three examining physicians in order to retain a patient in need of involuntary care and treatment, Mental Hygiene Law §§ 9.31 and 9.33 contain no such requirement (see id. §§ 9.31[c]; 9.33[c]; Matter of William G., 196 Misc 2d 51, 55 [Sup Ct, Oneida County]). "A court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact" (Matter of Charles S., 60 AD3d 954, 955 [alteration and internal quotation marks omitted]). Moreover, the New York State Office of Mental Health's interpretation of the statute, and its construction of its own regulations, "'is, as a general matter, given great weight and judicial deference so long as the interpretation is neither irrational, unreasonable nor inconsistent with the governing statute'" (Matter of Talbot V. [Kingsboro Psychiatric Ctr.], 192 AD3d at 1125, quoting Matter of Moran Towing & Transp. Co. v New York State Tax Commn., 72 NY2d 166, 173). "The pertinent question is whether a witness . . . has material and relevant evidence to offer on the issues to be resolved" (Matter of State of New York v Enrique D., 22 NY3d 941, 944; see Mental Hygiene Law §§ 9.31[c]; 9.33[c]) and whether the petitioner establishes "by clear and convincing evidence that the patient is mentally ill and in need of further care and treatment, and that the patient poses a substantial threat of physical harm to himself [or herself] or others" (Matter of Daniel C. [South Beach Psychiatric Ctr.], 207 AD3d at 540; see Addington v Texas, 441 US 418, 433).
Pursuant to Education Law § 6902(3)(a)(i) and (ii), a nurse practitioner may diagnose illness and physical conditions and perform therapeutic and corrective measures within a specialty area of practice, in collaboration with a licensed physician qualified to collaborate in the specialty involved, and issue prescriptions for drugs, devices, and immunizing agents. As a nurse practitioner can diagnose, treat, and prescribe medication, a nurse practitioner is also competent to testify in a proceeding pursuant to Mental Hygiene Law § 9.33 that a patient is mentally ill and in need of further care and treatment, and that the patient poses a substantial threat of physical harm to himself or herself or others, so as to establish a prima facie case for involuntary commitment (see Matter of [*3]Carol A., 6 Misc 3d 497, 498-499 [Sup Ct, Oneida County]; Matter of William G., 196 Misc 2d at 55). Moreover, here, the patient did not submit any medical testimony to rebut the nurse practitioner's diagnosis.
There is no support in the statute or any related regulations for the proposition that the petitioner must establish its prima facie burden through physician testimony. Moreover, it reasonably can be argued that requiring the testimony of a physician, who may have comparably less knowledge of a specific patient's mental condition compared to an experienced nurse practitioner who interacts extensively with that patient, would be a disservice to the court and the parties. The court, hearing the testimony and evidence in its totality, is in the best position to determine the value and credibility of a witness in determining these matters. Accordingly, we conclude that a nurse practitioner is competent to testify at a hearing held pursuant to Mental Hygiene Law §§ 9.31(c) and 9.33(c).
Therefore, the motion is granted to the extent that the appeal from so much of the order as directed that the patient be retained for a period not to exceed two years is dismissed as academic, and the motion is otherwise denied, and the order is affirmed insofar as reviewed.
MILLER, J.P., FORD and GOLIA, JJ., concur.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted to the extent that the appeal from so much of the order as directed that the patient be retained for a period not to exceed two years is dismissed as academic, and the motion is otherwise denied; and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
ENTER:
Darrell M. Joseph
Clerk of the Court